## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

| | |
|---|---|
| ALBINA A. MARTINEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 6:22-cv-00027 |
| RESURGENT CAPITAL SERVICES, L.P., and LVNV FUNDING, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

NOW comes ALBINA A. MARTINEZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RESURGENT CAPITAL SERVICES, L.P. ("Resurgent"), and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to these claims occurred within the Northern District of Texas.

### PARTIES

4. Plaintiff is a consumer over-the-age of 18 that resides in San Angelo, Texas, within the Northern District of Texas.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Resurgent is a third party debt collector purported to be "experts"[1] in the debt collection industry. Resurgent is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at 55 Beattie Place, Suite 110, Greenville, South Carolina.

7. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

8. Each Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

10. The instant action arises out of the nature of Defendants' attempts to collect on a consumer debt purportedly owed by Plaintiff in connection with a Credit One Bank ("Credit One") account ("subject consumer debt").

---

[1] https://www.resurgent.com/
[2] http://www.lvnvfunding.com/

11. Plaintiff obtained the Credit One account to finance the purchase of goods and services for personal, family, and household purposes.

12. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, Credit One charged-off the subject consumer debt and subsequently sold it to LVNV, who in turn utilized Resurgent to manage collection of the account, while also employing various servicers, similarly, to collect on the subject consumer debt.

13. In May of 2022, Resurgent sent a letter via mail to Plaintiff, at her personal address, deceptively insinuating that the legal status of the subject consumer debt has changed.

14. The specific language of the letter was used with the intent to scare and confuse Plaintiff, which ultimately happened.

15. In May and June of 2022, Resurgent sent at least 9 (nine) emails to Plaintiff attempting to collect upon the subject debt.

16. In several such emails, Resurgent failed to include statutorily required information to Plaintiff, including the name of to-whom the subject was owed when making its demands for money.

17. Frustrated with, and confused by, Defendants' conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money, and resources.

18.  Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

19.  Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being deprived of statutorily required information in a manner detrimental to her interests, and a further violation of her state and federally protected interests to be free from harassing and deceptive collection

conduct – interests which were materially harmed as a result of Defendants' false, deceptive, and misleading conduct.

<h3 style="text-align:center">COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</h3>

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Each Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA. Defendants are both businesses whose principal purpose is the collection of debts, rendering them debt collectors under the FDCPA. Resurgent is further a debt collector as it regularly collects or attempts to collect consumer obligations originally owed to others.

23. LVNV is both directly liable for its conduct as a debt collector in relation to the subject debt, as well as vicariously liable for the violations of law engaged in by its agent, Resurgent, given the existence of a principal-agent relationship between the parties.

24. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

    a. **Violations of 15 U.S.C § 1692e**

25. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and,

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

27. Defendants violated §§ 1692e, 1692e(2)(A), and 1692e(10) by deceptively misrepresenting that the legal status of the subject consumer debt had changed by way of the letter Resurgent sent to Plaintiff in May of 2022. The specific language used does not technically misrepresent the legal status, but the specific language used was intentionally and actually chosen to cause concern in Plaintiff, through misrepresentation, over the actual legal status of the subject consumer debt despite it not technically representing a change in legal status.

28. Defendants further violated §§ 1692e, 1692e(2)(A), and 1692e(10) through their misleading and deceptive attempts to collect a debt from Plaintiff in a manner deemed deceptive and misleading in violation of state collection laws governing the same conduct.

   b.  **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendants violated § 1692f when they unfairly and unconscionably sought payment from Plaintiff by sending a letter via mail to Plaintiff that intentionally misrepresented the legal status of the subject consumer debt, as detailed above.

31. Defendants further violated § 1692f when they unfairly and unconscionably sought payment from Plaintiff through collection conduct in violation of state law.

WHEREFORE, Plaintiff, ALBINA A. MARTINEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. Each Defendant is a "debt collector" and/or a "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

35. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

a. **Violations of TDCA § 392.304**

36. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(4), prohibits a debt collector from "failing to disclose clearly in any communication with the debtor the name of the person to whom the debt . . . is owed when making a demand for money." Further, the TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

37. Defendants violated §§ 392.004(4) & 392.004(19) by sending numerous emails to Plaintiff that did not include the name of the person to whom the debt was owed.

38. Defendants further violated § 392.004(19) by deceptively confusing Plaintiff as to the legal status of the subject consumer debt by way of the letter Resurgent sent to her in May of 2022, as detailed above.

WHEREFORE, Plaintiff, ALBINA A. MARTINEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 10, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com